UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>3M Company,<br><br>Defendant. | Court File No.<br><br>**COMPLAINT**<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act ("ADEA") to correct unlawful employment practices on the basis of age and to provide appropriate relief to a class of aggrieved persons who were adversely affected by those practices. The practices, as alleged with more particularity in paragraph 7 below, involve discrimination by Defendant 3M Company ("3M") with respect to terminations resulting from reductions in force of employees age 46 and older that occurred from July 1, 2003, through December 31, 2006, because of the employees' ages, in violation of the ADEA, in 3M's operations within the United States.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b),

which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Minnesota.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission (the "Commission") is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, 3M has been a Delaware corporation that continuously has been doing business in the State of Minnesota and continuously has had at least 20 employees.

5. At all relevant times, 3M has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h).

## CONCILIATION

6. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference, and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. From July 1, 2003, through December 31, 2006, 3M has engaged in unlawful employment practices at its facilities nationwide, in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a)(1). The unlawful employment practices are discrimination with respect to terminations resulting from reductions in force of employees age 46 and older that occurred from July 1, 2003, through December 31, 2006, because of the employees' ages, in violation of the ADEA. The persons affected were employed in the United States in salaried positions below the level of director, or salary grade 18 or L3.

8. The effect of the practices complained of in paragraph 7 above has been to deprive the persons described in that paragraph of equal employment opportunities and otherwise adversely affect their status as employees because of their age.

9. The unlawful employment practices complained of in paragraph 7 were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining 3M, its officers, successors, assigns, subsidiaries, and all persons in active concert or participation with it, from engaging in the unlawful conduct alleged in paragraph 7.

B. Order 3M to institute and carry out policies, practices, and programs that provide equal employment opportunities for persons age 46 and older and which eradicate the effects of its unlawful employment practices.

C. Grant a judgment requiring 3M to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to individuals whose wages are being unlawfully withheld as a result of the acts complained of above in paragraph 7.

D. Order 3M to make whole the persons described in paragraph 7 by providing the affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. David Lopez
General Counsel

Date: 8/19/2011

WILLIAM R. TAMAYO
Regional Attorney

Date: 8/19/2011

DAVID F. OFFEN-BROWN
Supervisory Trial Attorney

Attorneys for Plaintiff EEOC

U. S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105-1260
(415) 625-5652