UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Equal Employment Opportunity Commission, | Civil Action No.: 11-2408 (MJD/TNL) |
| Plaintiff, | **CONSENT DECREE** |
| v. | |
| 3M Company, | |
| Defendant. | |

## I.    INTRODUCTION

A.    Plaintiff, Equal Employment Opportunity Commission ("EEOC" or "Commission"), an agency of the United States, filed suit under the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. § 621 et seq., alleging in its complaint that Defendant, 3M Company ("3M"), discriminated against employees age 46 and over with respect to terminations resulting from Reductions in Force (as defined below) during the period July 1, 2003, through December 31, 2006.  The suit covers employees who were employed in the United States in salaried positions below the level of director, or salary grade 18 or L3.  The suit was filed contemporaneously with this Consent Decree (the "Decree").

B.    3M denies that its actions constituted discrimination based on age in violation of the ADEA, as alleged in the EEOC's complaint, or in violation of any other applicable law or regulation.  Nonetheless, the Commission and 3M ("the Parties") advise this Court that they wish to avoid the expense, delay, and uncertainties of litigation and settle this action by this Decree.

C.     The Parties agree that they voluntarily entered into this Decree, that it shall not constitute an adjudication on the merits of the case, and that it shall not be construed as a finding by the Court or an admission that 3M has violated the ADEA.

D.     The Parties agree that this Court has jurisdiction over the subject matter of, and the Parties to, this lawsuit.

E.     The Parties agree that this Decree is a final judgment, binding upon the Parties and their successors and assigns.

F.     The Parties agree that the EEOC has had a reasonable opportunity to investigate 3M's employment policies and practices that are the subject of the complaint in this action.

G.     The Parties have undertaken formal and informal exchanges of information sufficient to permit them to assess the desirability of this resolution.  The EEOC participated in mediation with 3M and counsel representing private plaintiffs in the related private cases Whitaker v. 3M Company, Court File No. 62-C-04-012239 (Second Judicial District, Dist. Ct., Minn.), and Garcia v. 3M Company, Court File No. 09-3495 (SRN/FLN) (D. Minn.), and has engaged in extensive negotiations with 3M, during which 3M has provided substantial, additional factual material and data.

H.     Based on the investigation and information exchanges described above, the EEOC decided to pursue those claims that are set forth in its complaint.

I.     The Parties agree that this Decree fairly resolves the issues alleged in this lawsuit; that it constitutes a complete resolution of all claims of discriminatory termination resulting from Reductions in Force under the ADEA that the Commission

alleged in its complaint; and that its entry shall further the interests of the ADEA, the public, and the persons within the scope of the EEOC's complaint.

## II.    FINDINGS

After studying the terms of this Decree and the record in this action and the related private actions <u>Whitaker v. 3M Company</u>, Court File No. 62-C-04-012239 (Second Judicial District, Dist. Ct., Minn.), and <u>Garcia v. 3M Company</u>, Court File No. 09-3495 (SRN/FLN) (D. Minn.), the Court makes the following findings:

A.    This Court has jurisdiction over the subject matter of, and the Parties to, this action.

B.    The terms of this Decree are reasonable, are just, and comply with the law.  This Decree conforms to the Federal Rules of Civil Procedure and the ADEA.  This Decree does not deny rights to any person consistent with the law.  This Decree adequately protects the interests of the ADEA, the persons encompassed within the scope of the EEOC's complaint and this Decree, and the public.  The entry of this Decree will further the objectives of the ADEA and the EEOC, as well as the public interest.

C.    This Decree shall not constitute an adjudication or a finding on the merits of any of the allegations, claims, or defenses in this action.

D.    This Decree is a final judgment, binding upon the Parties and their successors and assigns.

**IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

### III.   SCOPE

A.    This Decree resolves all claims for monetary and nonmonetary relief based on allegations that 3M terminated employees through Reductions in Force (as defined below) because of the age of those employees who meet the following criteria (hereafter "Eligible Claimants"):

1.    The employees were terminated between July 1, 2003, and December 31, 2006;

2.    The employees were age 46 or older at the time of their terminations; and

3.    The employees were employed by 3M in the United States in salaried positions below the level of director, or salary grade 18 or L3, at the time of their terminations.

B.    For purposes of this Decree and the EEOC's complaint in this matter, an individual shall be deemed to have been terminated in connection with a "Reduction in Force" if, in connection with his or her separation from 3M, he or she was offered severance pay and/or benefits (including, but not limited to, special retirement benefits) under the then-applicable 3M U.S. Job Elimination Severance Pay Plan maintained or sponsored by 3M.

C.    No individual who is entitled to relief in the case of Whitaker v. 3M Company, Court File No. 62-C-04-012239 (Second Judicial District, Dist. Ct. Minn.), or who is participating in the proposed resolution of the case of Garcia v. 3M Company,

Court File No. 09-3495 (SRN/FLN) (D. Minn.), is entitled to relief by virtue of this Decree.

## IV.    RESOLUTION OF ALL ALLEGATIONS

The EEOC will take no action to pursue relief for any individual age 46 or older based on claims of age discrimination against 3M in promotions, performance appraisals, training, or terminations in connection with a Reduction in Force occurring more than 300 days (or 180 days if 29 U.S.C. sec. 633(b) does not apply to the case) prior to the date the EEOC signs this Decree. Notwithstanding the foregoing, the EEOC may process administratively any charge involving such claims through the point of a failure of conciliation, and the EEOC may take action requiring compliance with this decree.

## V.    TERM AND DISMISSAL

The term of this Decree shall be three (3) years from the date of final Court approval and entry of the Decree.  Upon entry of this Decree, this Court shall dismiss all claims in this action with prejudice.   During the term of this Decree, this Court shall retain jurisdiction over the Parties for purposes of ensuring compliance with this Decree. To ensure compliance, this Court retains the ability to issue any orders required to effectuate the purposes of this Decree.

## VI.    MONETARY RELIEF

A.       3M shall pay the total sum of $3,000,000 ("Settlement Amount") as monetary relief.  The Settlement Amount shall be allocated and paid as set forth in this Section VI.  Any portion of the Settlement Amount that remains unclaimed following

application of the provisions of this Section VI shall be paid to the United States Treasury in accordance with the law.

B.     In order to be entitled to receive a monetary award under this Decree, each Eligible Claimant is required to complete, execute, and timely return a Claimant's Declaration Form ("Declaration Form") and meet the other requirements of this Section VI.  Attachment A is a copy of the Declaration Form.

C.     The EEOC defined the population of Eligible Claimants in Section III.A of the Decree and 3M has verified the individuals within that definition. Within three (3) business days following the effective date of this Decree, 3M shall provide to the EEOC in electronic form a database containing the names, employee ID numbers, and last known addresses of the Eligible Claimants.

D.     Within seven (7) calendar days after the entry of the Decree, the EEOC shall mail to each Eligible Claimant at his or her last known address a copy of the Declaration Form.  An Eligible Claimant shall have twenty-one (21) calendar days from the date the form is sent to complete the Declaration Form and return it to the EEOC. The postmark date on the return envelope will determine whether the Declaration Form is timely returned.   A Declaration Form received after the 21-day period may be considered timely in the EEOC's discretion.

E.     The EEOC shall search the last known address of any Eligible Claimant whose mailed Declaration Form is returned to the EEOC because of an incorrect address and re-mail it to a new address, if available.  Such Eligible Claimants will have twenty-one (21) calendar days from the re-mailing date to complete the Declaration Form and return it to the EEOC.

F.     Each Eligible Claimant must timely return the executed Declaration Form to receive a monetary award.  In addition, to be eligible, a claimant must mark his or her Declaration Form to indicate that he or she was terminated during the relevant period; was 46 or older at the time of his or her termination; and was employed in the United States at the time of the termination.

G.     Within sixty (60) calendar days after the entry of the Decree, the EEOC will determine which Eligible Claimants meet the requirements of paragraph F.  Eligible Claimants who meet those requirements will be deemed "Final Monetary Claimants" and will be entitled to receive monetary awards, subject to the conditions of paragraphs K and L.  The EEOC will provide a list containing the names and employee ID numbers of such Final Monetary Claimants to 3M within three (3) business days of the completion of such list.

H.     Within sixty-seven days (67) calendar days after the entry of the Decree, the EEOC will calculate the amount of the monetary award due each Final Monetary Claimant.  The amount shall be determined in the following manner:  Step 1, the present value of each person's total estimated annual compensation as of the date of termination (including base and variable pay) is calculated at a 3% rate of increase per annum; Step 2, that amount is multiplied with respect to each person by the number of full months from the date of his or her termination to April 30, 2011; Step 3, each person's number calculated in Step 2 is totaled; and Step 4, the percentage that each person's number, obtained in Step 2, is of the total from step 3 is calculated.  Each person's Step 4 percentage will be multiplied by $3,000,000 to determine preliminarily

his or her monetary award, which is subject to further adjustments as provided in paragraph I.

I.      An adjustment shall be made to the above calculations with respect to any claimant who received monetary compensation, whether in the form of severance pay or special retirement benefits, in exchange for his or her execution of a release of claims in connection with his or her termination.  With respect to any such claimant, the number of full months computed for that person at Step 2 of paragraph H will be reduced by the number calculated by (a) dividing the present value (calculated at a 3% rate of increase per annum) of the severance pay or special retirement benefits the claimant received by the present value (calculated at a 3% rate of increase per annum) of the claimant's total estimated annual compensation as of the date of termination (including both base and variable pay); (b) multiplying the result by 12; and (c) rounding the result to the nearest whole number, and deducting the whole number from the number of months calculated in step 2 of paragraph H above.  To ensure equity and fairness, the monetary awards also will be adjusted so that the minimum award is not more than 1.5 standard deviations below the average monetary award.

J.      The EEOC will provide to 3M a list containing the amount of the monetary award each Final Monetary Claimant will receive, subject to the requirements of paragraphs K and L, within three (3) business days after such list is completed, and shall file the list under seal, with the court, as Attachment C to this Decree.

K.      Within ninety (90) calendar days after entry of the Decree, the EEOC shall send a Notice of Award and Release Form ("Release Form") to each Final Monetary Claimant.  Attachment B is a copy of the required Release Form.  Each Final Monetary

Claimant must return the executed Release Form as a condition precedent to receiving a settlement payment. The Final Monetary Claimants are required to return their executed Release Forms to the EEOC, postmarked within thirty (30) calendar days after the Release Forms are mailed, except as provided in paragraph L.

L.      Within one hundred and thirty-five (135) calendar days after entry of the Decree, the EEOC shall furnish 3M with the original executed Release Forms of all Final Monetary Claimants. The EEOC may continue to furnish to 3M the original executed Release Forms of any Final Monetary Claimants whose Release Forms it receives during the next thirty (30) days, or for a longer period if circumstances require, and 3M shall issue checks to such Final Monetary Claimants in accordance with paragraph M.

M.      Within thirty (30) business days of receipt of an executed Release Form, 3M shall mail to each Final Monetary Claimant whose Release Form it received a settlement check in the gross amount appearing on his or her Release Form, less all legally required deductions and withholdings, and shall provide copies of such checks and any accompanying correspondence to the EEOC. Half of each such gross amount shall constitute back pay and half shall constitute liquidated damages. 3M shall issue Forms W-2 with regard to the back pay portions of the amounts. 3M shall make no deductions or withholdings with regard to the liquidated damages portions of the amounts and shall issue Forms 1099 regarding those portions. 3M shall make all appropriate reports to the Internal Revenue Service and other taxing authorities.

N.       3M shall be responsible for the employer's share of any payroll taxes applicable to payments representing back pay wages under this Decree, including the

employer's share of social security payments to the Social Security Administration, and the withholding of the employee's share of social security payments for transfer to the social security account of each Final Monetary Claimant.

O.     With the exception of the tax payments and withholdings described in paragraph N, Final Monetary Claimants shall be solely responsible for any taxes that may be assessed against them relating to the payments made pursuant to this Decree, including, but not limited to, all federal, state, and/or local taxes.

P.     The settlement payments provided for herein are the sole payments to be made by 3M to Final Monetary Claimants pursuant to this Decree.  No such settlement payment will entitle any Final Monetary Claimant to additional compensation or benefits under any company bonus, contest, or other compensation, stock compensation, incentive, or benefit plan or agreement in place at any time, nor will it entitle any Final Monetary Claimant to any increased retirement, 401(k), or matching benefits, or to deferred compensation or any other benefits.

## VII.    GENERAL INJUNCTIVE RELIEF

During the term of this Decree, 3M is enjoined from:

A      Discriminating against employees age 46 or older when implementing Reductions in Force, in violation of the ADEA; or

B.     Retaliating against, or in any respect treating adversely, any person because that person has opposed allegedly discriminatory policies or practices; has filed an EEOC charge, a charge with a Fair Employment Practices Agency, or a grievance or complaint with 3M; or has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under the ADEA

or concerning this case or this Decree, or has complained about 3M's alleged failure to comply with this Decree's terms; or

C.      Conditioning the receipt of individual relief under this Decree on any agreement to (a) maintain as confidential the terms of this Decree, (b) waive a person's statutory right to file a charge with any federal or state anti-discrimination agency, or (c) waive a person's right to apply for a position with 3M.

### VIII.   IMPLEMENTATION OF THE DECREE

A.      3M's human resources function will be responsible for implementing the requirements of Sections VIII through XVII of this Decree and for ensuring that 3M's policies regarding equal employment opportunity and non-discrimination are enforced. 3M's Senior Vice President, Human Resources, will be ultimately responsible for implementation of Sections VIII through XVII of this Decree.

B.       3M will increase communications to its employees concerning the company's internal grievance process.  Specifically, within forty-five (45) calendar days after entry of this Decree, 3M will advise its employees via a widely-used company intranet site accessible to its employees that the internal grievance process may be used to allege discrimination with respect to Job Eliminations or Reductions in Force based on age or noncompliance with this Decree.  3M's grievance process will not prevent or discourage its employees from making complaints or presenting their concerns directly to the EEOC.

### IX.   EEO COMMUNICATIONS OF NON-DISCRIMINATION/ NON-RETALIATION POLICY

A.      3M shall distribute a copy of its Equal Employment Opportunity (EEO) and Affirmative Action (AA) policy statement to all new hires.  The EEO/AA policy statement

will be signed by 3M's Chief Executive Officer and will confirm 3M's commitment to prohibiting unlawful discrimination, including but not limited to, discrimination based on age, in all terms and conditions of employment, and to prohibiting all forms of unlawful retaliation against any person.

B.     3M shall re-issue said statement to employees annually via a widely-used company intranet site accessible to employees.

## X.     FUTURE JOB ELIMINATIONS/ REDUCTIONS IN FORCE

A.     3M, within ten (10) business days, will provide to the EEOC any Workers Adjustment and Retraining Notification Act (WARN) notices issued to state or local governments during the time period covered by this Decree.

B.     3M will maintain a termination review process for Job Eliminations and Reductions in Force that requires approval of all such terminations of employment by designated levels of business and human resources management established by 3M. Part of the approval process will include confirmation that the selection process and resulting termination decisions were implemented in a manner consistent with principles of non-discrimination required by law.

C.     3M will continue its practice of not using eligibility for retirement benefits as a factor in selecting employees for Job Eliminations and Reductions in Force.

D.     Within sixty (60) calendar days after entry of the Decree, 3M shall maintain codes that enable the Company to identify individuals who voluntarily accept the benefits of the 3M Job Elimination Plan.   In addition, 3M will note on the eligible/ineligible lists distributed to employees those individuals on the eligible list who were previously offered the 3M Job Elimination Plan as part of the applicable group

termination program but who, as of the date of the list being distributed, are no longer eligible to participate, either because they found a new position in 3M, or their job elimination has been cancelled.

## XI.    RELEASES FOR JOB ELIMINATIONS/REDUCTIONS IN FORCE

A.     3M will comply fully with the ADEA and the Older Workers Benefit Protection Act ("OWBPA"), including with its requirements regarding release of claims.

B.     3M will describe the decisional unit on eligible/ineligible lists required under the OWBPA in a manner that will allow employees affected by group Reductions in Force to understand the contours of the affected group.

## XII.    TRAINING

A.     Within one hundred twenty (120) calendar days after entry of the Decree, 3M will include course content in its existing Employment Law for Leaders focused on age discrimination.  It will deliver the course to all managers and supervisors every other year during the duration of the Decree.   3M shall retain completion records of those receiving such training.  Upon request, 3M shall provide such documentation to the EEOC.

B.     Within ninety (90) calendar days after entry of the Decree, 3M will review the company's leadership, supervisory development, and diversity training programs for content on equal employment opportunity and non-discrimination and, to the extent there is no such content or where 3M determines that additional content would clarify the company's commitments, revise the course content to include information regarding 3M's EEO and non-discrimination commitments.

C.      Within ninety (90) calendar days after entry of the Decree, 3M will train appropriate human resources personnel on the construction of eligible/ineligible lists under the OWBPA.  In addition, 3M will train appropriate human resources personnel on the requirements of the ADEA, including the use of objective, non-discriminatory decision-making and proper procedures for performance evaluations and Reductions in Force. Further, training will be provided on the requirements of this Decree.

D.      Commission representatives shall have the right to request a copy of the script for the training programs described in paragraph A above.

### XIII.    PERFORMANCE APPRAISALS

A.       3M will not use rating distribution guidelines or quotas in connection with its performance appraisal processes.

B.      No later than December 31, 2011, 3M will provide to the EEOC a copy of its additional guidance to supervisors to clarify criteria for placement recommendations and for high potential designations used in connection with the performance appraisal process.

C.      Within sixty (60) calendar days after entry of the Decree, 3M will maintain a review and appeal process for employee EC&DP ratings, through which employees can challenge contribution codes, leadership attribute ratings, high potential designations and/or placement recommendations

### XIV.   PROMOTIONS AND TRANSFERS

A.      No later than sixty (60) calendar days after entry of the Decree, 3M will publish job posting guidelines on a widely-used intranet site accessible to its employees.  Pursuant to the published posting guidelines, 3M will increase the minimum

posting period for positions required to be posted to five (5) business days and will agree to post all open positions below the L3 job grade with limited exceptions where there is an important business need.

B.      No later than sixty (60) calendar days after entry of the Decree, 3M will post Black Belt positions internally and will accept applications for those positions.

C.      Beginning no later than thirty (30) calendar days after entry of the Decree, 3M will not preclude employees who receive a "2" level of contribution rating through the EC&DP process from applying for open positions in the company.

D.      No later than thirty (30) calendar days after entry of the Decree, 3M will make available to hiring managers and/or recruiters the past three years of EC&DP ratings for internal candidates applying for open positions.

## XV.      DEVELOPMENT/TRAINING OPPORTUNITIES

Within sixty (60) calendar days after entry of the Decree, 3M will post on an intranet site accessible to its employees program descriptions and the selection criteria and process for acceptance into the ALDP I, ALDP II, and Leadership Development for Growth ("LDG") leadership development programs.

## XVI.      NOTICE

Beginning no later than thirty (30) calendar days after entry of this Decree, 3M shall post the Notice provided in Attachment D.  The Notice shall be posted on the employee intranet site, 3M Source, for the duration of the Decree.

## XVII.      REPORTING AND RECORDKEEPING

A.      Within one month after the end of each six-month period during the first year of this Decree, one year after the end of the second year of this Decree and ten

months after the end of the third year of this Decree, 3M shall submit to the EEOC a report regarding the status of compliance with Sections VIII through XVI of this Decree. These reports will include verification that actions required by the Decree were taken and, where appropriate, the dates the requirements were fulfilled as well as copies of those documents 3M is required to issue under the below referenced provisions of the Decree.  The Sections for which such information shall be provided are Sections VIII.B, Implementation of the Decree; IX.A and B, EEO Communications of Non-Discrimination/Non-Retaliation Policy; X.D, Future Job Eliminations/Reductions in Force; XII.A, B and C, Training; XIII.B and C, Performance Appraisals; XIV.A through D, Promotions and Transfers; XV, Development/Training Opportunities; and XVI, Notice.

B.      3M shall provide to EEOC copies of checks and related correspondence as required by Section VI.M, Monetary Relief, and copies of WARN notices as required by Section X, Future Job Eliminations/Reductions in Force, in accordance with the schedules provided in those Sections.

C.      During the term of this Decree, 3M shall comply fully with the Commission's Recordkeeping Regulations, 29 C.F.R. § 1627 ("Regulations"). In particular, 3M shall retain, for the term of this Decree or the time period established by the Regulations, whichever is longer, the following documents and information with respect to any group Reductions in Force:  releases and eligible and ineligible lists used in connection with the group reduction; records regarding the decisional unit from which employees were selected for the group reduction; and records regarding the identities, job titles, grades, and ages of all employees within the decisional unit who were

considered for the group reduction.  3M shall provide copies of such documents to the EEOC if requested within a reasonable period.

E.      The reports and documents required by this Section shall be sent postage prepaid to:

> Regional Attorney
> San Francisco District Office
> Equal Employment
> Opportunity Commission
> 350 The Embarcadero, Suite 500
> San Francisco, California 94105-1260

## XVIII.  ENFORCEMENT/EXPIRATION OF DECREE

A.      The EEOC shall have the power to investigate possible violations of this Decree.  3M will cooperate with any such investigation.  The investigation may consist of, but not necessarily be limited to, inspecting and copying a reasonable number of relevant, unclassified documents and interviewing 3M employees.  3M shall be allowed to have an attorney and a Human Resources representative present during any Commission interview of an employee holding a supervisory or management position, as determined by 3M, which determination EEOC may challenge. The EEOC will provide 3M with at least ten (10) business days written notice of any investigation, interview, or request for production, inspection, or copying of documents.

B.      The EEOC may seek relief from the Court for alleged violations of this Decree.  If the EEOC concludes that 3M has failed to comply with any provision of this Decree, it shall notify 3M in writing of such alleged noncompliance.  The parties shall attempt to resolve the dispute.  If the dispute has not been resolved within sixty (60) calendar days, the EEOC then may apply to the Court for appropriate relief, unless immediate action is necessary before the expiration of the sixty (60) calendar day

period.  Upon the expiration date of this Decree, if a dispute is pending, then the term of this Decree shall be extended, with respect to the disputed issue only, until the dispute is resolved.

## XVIII.  COSTS AND ATTORNEYS' FEES

Each Party shall be responsible for and shall pay its own attorneys' fees and costs.

On Behalf of Plaintiff Commission:

Dated: __8/19/11_____

P. DAVID LOPEZ
General Counsel

_____/s/_____
WILLIAM R. TAMAYO
Regional Attorney

_____/s/_____
DAVID F. OFFEN-BROWN
Supervisory Trial Attorney

U. S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California  94105-1260
(415) 625-5652

On Behalf of 3M Company:

Dated: _____08-09-2011_____

By: _____/s/_____

Printed Name: Gregg M. Larson___

Title:  Deputy  General  Counsel  and Secretary

APPROVED this 19th day of September, 2011.

____s/ Michael J. Davis____
U.S. District Judge